UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWMBS INC., CHL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2007-2

PLAINTIFF

v.

CAROLE OREM HOUGH, THE BANK OF
NEW YORK MELLON FKA THE BANK OF
NEW YORK, AS TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATEHOLDERS
OF THE CWHEQ, INC., CWHEQ REVOLVING
HOME EQUITY LOAN TRUST, SERIES 2007-
B AND UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE

DEFENDANTS

**26 Drew Road, South Portland, ME 04106**
**Mortgage recorded in Cumberland County Registry of Deeds in Book 24687 at Page 236**

**COMPLAINT FOR FORECLOSURE**

NOW COMES the Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, by and through its attorneys, Bendett & McHugh, P.C., and complains against the Defendant(s) pursuant to 14 M.R.S. § 6321 et seq., saying further as follows:

1

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, ("Plaintiff") is a corporate trustee incorporated in the State of Delaware, having a principal place of business at One Wall Street, Floor 2, New York, New York.

4. The Defendant Carole Orem Hough ("Defendant Hough") is a resident of South Portland, in the County of Cumberland and the State of Maine.

5. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWHEQ, Inc., CWHEQ Revolving HomeEquity Loan Trust, Series 2007-B, ("Defendant CWHEQ") upon information and belief, has an address located at c/o BAC, M/C: CA6-914-01-34, 1800 Tapo Canyon Road, Simi Valley, CA 93063.

6. United States of America, Department of Justice ("Defendant DOJ") upon information and belief, has an address located at 950 Pennsyvania Avenue, NW, Washington, DC 20530.

## FACTS

7. Defendant Hough is the owner of certain real property located at 26 Drew Road, South Portland, Maine (the "Premises") by virtue of a deed from Terrance J. Naylon, dated September 8, 2006, and recorded in Cumberland County Registry of Deeds on September 14, 2006 in Book 24368 at Page 158 and being more particularly described by the attached legal description. *See* Exhibit A.

8. On December 15, 2006, the Defendant Hough executed and delivered to America's Wholesale Lender a certain promissory note in the original principal amount of $480,000.00 (the "Note"). *See* Exhibit B.

9. The Plaintiff is entitled to enforce the Note as Plaintiff was in possession of the Note and entitled to enforce it when the Note was lost, loss of possession was not the result of a transfer or a lawful seizure, and Plaintiff cannot reasonably obtain possession of the Note because its whereabouts cannot be determined.

10. Plaintiff certifies that the owner of the Note is The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2.

11. To secure said Note, in the amount of $480,000.00, Defendant Hough executed and delivered a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, dated December 15, 2006 and recorded in the

Cumberland County Registry of Deeds in Book 24687 at Page 236 securing the property located at 26 Drew Road, South Portland, ME, 04106 (the "Mortgage). *See* Exhibit C.

12. Said Mortgage was assigned to Plaintiff by an Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., dated August 2, 2012, and recorded on August 23, 2012 in Book 29861 at Page 330 of the Cumberland County Registry of Deeds. Said Mortgage was also assigned to Plaintiff by a Quitclaim Assignment of Mortgage from Countrywide Home Loans, Inc. formerly did business as America's Wholesale Lender, dated April 17, 2018, and recorded on May 1, 2018 in Book 34810 at Page 118 of the Cumberland County Registry of Deeds. *See* Exhibit D.

13. Plaintiff, directly or through its agent, is in possession of the Note, Mortgage and any assignment(s).

14. Plaintiff is the party entitled to collect the debt evidenced by said Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

15. Defendant CWHEQ claims or may claim an interest in the Premises by virtue of a mortgage deed from Defendant Hough to Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., in the principal amount of $60,433.93, dated March 5, 2007 and recorded in Book 24989 at Page 269 of the Cumberland County Registry of Deeds.  Said mortgage was assigned to Defendant CWHEQ by an Assignment of Mortgage dated July 18, 2012 and recorded in Book 29782 at Page 219 of the Cumberland County Registry of Deeds. *See* Exhibit E.

16. Defendant DOJ claims or may claim an interest in the Premises by virtue of a Lien, in the amount of $69,485.57, dated October 16, 2013 and recorded in Book 31108 at Page 44 of the Cumberland County Registry of Deeds. *See* Exhibit F.

4

17. Defendant Hough is presently in default of the Note, having failed to make the monthly payment due August 1, 2012, and having failed to make all payments due thereafter. As a result thereof, Defendant has breached a condition of the Mortgage.

18. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on or about May 7, 2019, Plaintiff sent a Notice of Default to the mortgagor and any co-signor against whom the mortgagee is enforcing the obligation secured by the mortgage, by certified mail, return receipt requested and/or by regular mail, postage prepaid (herein after referred to as the "Demand Letter"). *See* Exhibit G.

19. Defendant Hough has failed to cure the default prior to the expiration of the Demand Letter. In accordance with the Note and the Mortgage, the Plaintiff has declared the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage to be presently due and payable.

20. The total unpaid principal balance owed under the Note and Mortgage as of May 17, 2019, is $443,271.58 plus interest, late charges, expenses and reasonable attorney's fees and costs.

21. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

22. Upon information and belief, Defendant Hough is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and title to real estate located at 26 Drew Road, South Portland, ME, 04106, County of Cumberland, and State of Maine. *See* Exhibit A.

25. The Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, is entitled to enforce the Note as Plaintiff was in possession of the Note and entitled to enforce it when the Note was lost, loss of possession was not the result of a transfer or a lawful seizure, and Plaintiff cannot reasonably obtain possession of the Note because its whereabouts cannot be determined. As such, Plaintiff has the right to foreclosure upon the subject property.

26. Plaintiff is the current owner and investor of the Mortgage and Note.

27. Defendant Hough is presently in default on said Mortgage and Note, having failed to make the monthly payment(s) due. As a result, Defendant Hough has breached a condition of the Mortgage and Note.

28. The total unpaid principal balance owed under the Note and Mortgage as of May 17, 2019 is $443,271.58 plus interest, late charges, expenses and reasonable attorney's fees and costs.

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant Hough's breach of condition, the Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of

the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to Defendant Hough, on May 7, 2019, as evidenced by the Certificate of Mailing. *See* Exhibit H.

32. Defendant Hough, is not in the Military as evidenced by the attached Exhibit I.

## COUNT 11 – UNJUST ENRICHMENT

33. The Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2 repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. America's Wholesale Lender, predecessor-in-interest to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, loaned Defendant Hough, 480000.00. *See* Exhibit B.

35. Defendant Hough has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

36. As a result, Defendants Hough has been unjustly enriched to the detriment of the Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, as successor-in-interest to America's Wholesale Lender by having received the benefits described above without repayment pursuant to the terms of the Note and Mortgage.

37. As such, the Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, prays this Honorable Court:

a. Find that the Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property.

b. Determine that there has been a breach of condition of the Mortgage;

c. Find that Plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2, is entitled to enforce the terms and conditions of the Note and Mortgage;

d. Determine the amounts due under the Note and secured by the Mortgage, including principal, interest, reasonable attorney's fees, court costs and other expenses;

e. Find that the Defendant(s) is/are liable for any deficiency balance remaining due to Plaintiff after the sale of the mortgaged real estate and application of the proceeds of sale (this prayer is void for any Defendant that did not execute the Note or Guaranty and for any Defendant who has been granted discharge in bankruptcy);

f. Issue a Judgment of Foreclosure and Sale in conformity with Title 14, M.R.S. § 6322;

g. Order exclusive possession of the real estate to Plaintiff upon the expiration of the statutory ninety (90) day period of redemption and direct the clerk to issue a Writ of Possession at the request of Plaintiff;

h. Find that by virtue of the Note and Mortgage, Defendant Hough has been unjustly enriched at the Plaintiff's expense; and

i. Order such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS Inc., CHL Mortgage Pass-Through Certificates, Series 2007-2

By its Attorneys,
BENDETT & MCHUGH, P.C.

Dated: August 23, 2019

By: /s/ Atty. Peter R. Andrinas, Bar No. 006227
MEcourtmailings@bmpc-law.com

/s/ Atty. Santo Longo, Bar No. 5192
MEcourtmailings@bmpc-law.com

/s/ Atty. Andrew J. Schaefer, Bar No. 5770
MEcourtmailings@bmpc-law.com

/s/ Atty. Ashley L. Janotta, Bar No. 5411
MEcourtmailings@bmpc-law.com

/s/ Atty. Matthew Crouter, Bar No. 5909
MEcourtmailings@bmpc-law.com

Attorneys for Plaintiff
Bendett & McHugh, PC
30 Danforth Street, Suite 104
Portland ME, 04101
(207)805-3346
MEcourtmailings@bmpc-law.com